IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK H. BANKS, #05711-068                                       PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:08cv252-DCB-MTP

MR. BRATCHER, et al.                                                DEFENDANTS

OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Banks, an inmate incarcerated at the Federal Correctional Facility, Yazoo City, Mississippi, filed the instant civil action on July 31, 2008. Upon review of the complaint and the records in this action, the court finds that the plaintiff has failed to comply with the order [8] entered on November 25, 2008, or to communicate otherwise with this court concerning the above referenced civil action.

The order [8] entered November 25, 2008, denied the plaintiff's Notice of Involuntary Dismissal [7] and directed him to respond to the order to show cause [6] entered on October 27, 2008. The plaintiff was granted an extension of time of 15 days from the date when the order [8] was entered on November 25, 2008, to file his response. The order [8] entered November 25, 2008, further stated that this was the plaintiff's final opportunity to comply with the order to show cause [6] entered on October 27, 2008. As previously stated, according to the record the plaintiff has failed to comply or to communicate otherwise with this court concerning the instant civil action. Therefore,

as discussed below, the instant civil action will be dismissed without prejudice for failure to comply with the orders of this court.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

## Conclusion

In light of the plaintiff's failure to comply with the orders of this court, this complaint must be dismissed. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of the plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. See Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   23rd   day of January, 2009.

                                      s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE